UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

C.D., an infant, by his mother and
natural guardian, JOAN MEDINA, and
JORDAN MEDINA,

                              Plaintiffs,

      -against-

THE CITY OF NEW YORK,
POLICE OFFICER BENITA BUNCH (TAX 938130),
and POLICE OFFICER SHUYAN LAM (TAX 933909),

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FIRST AMENDED COMPLAINT**

**13 CV 6287 (KAM) (MDG)**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

      Plaintiffs, C.D., an infant, by his mother and natural guardian, JOAN MEDINA, and JORDAN MEDINA, by their attorneys, Reibman & Weiner, as and for their First Amended Complaint, hereby allege as follows, upon information and belief:

**PARTIES, VENUE, and JURISDICTION**

      1.     Plaintiff, C.D., an infant, by his mother and natural guardian, JOAN MEDINA, is a 16 year old male resident of Kings County, within the State of New York.

      2.     Plaintiff, Jordan Medina, is an adult male resident of Kings County, within the State of New York.

      3.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

1

4. At all relevant times hereinafter mentioned, defendant POLICE OFFICER BENITA BUNCH (TAX 938130) was an adult female employed by the City of New York as member of the NYPD assigned to the 66th Precinct. Defendant Bunch is sued herein in her official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant POLICE OFFICER SHUYAN LAM (TAX 933909) was an adult male employed by the City of New York as member of the NYPD assigned to the 66th Precinct. Defendant Lam is sued herein in his official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. That plaintiffs timely served Notices of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiffs' Notices of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiffs complain.

## RELEVANT FACTS

11.     On September 30, 2013, at about 1:30 a.m. (the "Date of the Arrest"), plaintiffs, C.D. and Jordan Medina, were lawfully present at or near the intersection of 53rd Street and Fort Hamilton Parkway in the County of Kings, City and State of New York.

12.     Plaintiffs were not engaged in any unlawful or suspicious activity.

13.     At this time, defendants Bunch and Lam arrived, approached plaintiffs, detained and searched them without any legal basis, justification, or excuse.

14.     The defendants later claimed to have received a complaint from an individual who alleged that he observed individuals inside of his vehicle.

15.     Without any probable cause or justification, the defendants arrived at the scene of the arrest and attempted to arrest plaintiffs for this alleged crime.

16.     However, before arresting the plaintiffs, the defendants sought out witnesses to these allegations.

17.     The defendants spoke to several witnesses at the scene of the arrest who informed them that the plaintiffs were not the perpetrators.

18.     The plaintiffs themselves and several witnesses at the scene also continued to inform the defendants that plaintiffs had done nothing wrong.

19.     Despite the absence of any probable cause to stop, detain, or search plaintiffs, the defendants searched plaintiffs.

20.     The searches yielded no evidence of any guns, drugs, or contraband.

21.     Despite the absence of any evidence of wrongdoing on the part of plaintiffs, the defendants formally arrested plaintiffs.

22. Plaintiffs were then transferred to a local area precinct believed to be the 66th Precinct, where they were improperly detained and held for several hours.

23. Plaintiffs were then transferred to Kings County Central Booking where they were held for several more hours before they were summarily released without explanation and without being charged when the Kings County District Attorney's Office ("KCDA") declined to prosecute them.

24. While plaintiffs were in defendants' custody, the defendants created or caused the creation of paperwork memorializing false factual allegations against them in order to justify the illegal search, seizure, and arrest of plaintiffs.

25. Defendants knew the allegations to be false when they made them.

26. The false allegations were then transmitted or otherwise communicated to the KCDA.

27. It was objectively unreasonable for the defendants to arrest plaintiffs since there was no probable cause or reasonable basis to suspect that they had engaged in any unlawful activity.

28. At no time did there exist any basis to utilize any level of force against plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

29. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiffs.

30. Defendants Bunch and Lam intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the

conduct of the defendants who engaged in the misconduct described herein as required.

31. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

32. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

33. Defendants willfully and intentionally seized, searched, imprisoned, and falsely arrested plaintiffs, all without probable cause or a reasonable basis to believe such cause existed.

34. Defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

35. The defendants willfully and intentionally subjected plaintiffs to unlawful detention without any probable cause or reasonable basis to believe that plaintiffs were engaged in any unlawful activity.

36. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, denial of due process, and malicious use and abuse of process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

37. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

38. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

39. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

40. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

41. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and

the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

42. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

43. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

44. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

   a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

   b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA)

    (E.D.N.Y.);

  c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

  d. *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

  e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

  f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

  g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.)

  h. *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

  i. *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

  j. *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

  k. *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

  l. *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

  m. *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

  n. *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

  o. *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

  p. *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

  q. *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

  r. *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

  s. *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

45. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-

CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

46. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

47. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

48. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

### THIRD CAUSE OF ACTION

49. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

50. Plaintiffs were subjected to false arrest, false imprisonment, excessive force, assault, battery, and unlawful searches of person and property by the defendants.

51. At no time did defendants have any legal basis for arresting plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

52. The defendants are therefore liable under New York law to plaintiffs for the aforementioned violations.

53. By reason thereof, defendants have caused plaintiffs to suffer the loss of their constitutional rights, and unlawful incarceration.

### DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    iii.    On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

    iv.    On the Third Cause of Action, damages in a substantial sum of money against the individual defendants and the City of New York in an amount to be determined at trial;

    v.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

    vi.    Such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       March 5, 2014

                By:    /s/
                      Jessica Massimi (JM-2920)
                      Reibman & Weiner
                      Attorneys for Plaintiffs
                      26 Court Street, Suite 1808
                      Brooklyn, New York 11242
                      (718) 522-1743